O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL HARPER<br>　　　　Petitioner,<br>　　v.<br>CALIFORNIA DEPT. OF CORRECTIONS AND REHABILITATION; C/O WINFELD,<br>Respondents. | NO. CV 20-4746-JGB (KS)<br><br>ORDER: DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE; DENYING A CERTIFICATE OF APPEALABILITY |

　　On May 28, 2020, Daniel Harper ("Petitioner"), who is currently in California custody and housed at the California Medical Facility in Vacaville, California, filed a 28 U.S.C. § 2254 habeas petition ("Petition") and a request to proceed *in forma pauperis*. (Dkt. No. 1.) Petitioner does not identify the date of, or basis for, his detention or incarceration. (*Id.*) After a thorough review of the Petition and its attachments, the Court concludes that the Petition must be summarily dismissed for failing to state a cognizable habeas claim.

//
//
//
//

1

# THE PETITION

Petitioner, who is male, alleges that on October 2, 2019, when he "was housed in the Lancaster state prison mental health ad. seg . . . and waiting to go to group for the day," he was sexually assaulted by (Correctional Officer) c/o Winfeld. (Petition at 5.) According to Plaintiff, Officer Winfeld

> came to my cell door and asked if I was going to group and I told him yes I was going to group. And at this time he says ok strip down and I said a couple of things to him about this since he is the first officer to do this. So I said ok, so I give this officer my shoes, shirt, pants and then he says ok give me the boxers also so I can see that sexy white ass and that is when I looked at this officer and tell him to get his f[illegible]ing queer ass away from my door and I grabbed my clothes and refused to go to group for this day.

(*Id*. at 6.)

Petitioner alleges he filed an inmate appeal (CDCR From 602) and a Health Care Services Request Form (CDCR 7362) asking to speak to someone about "being sexually harassed by a staff member." (*Id.; and see* Attachment to Petition at PAGEID 29, 92-96.)[1] Petitioner attaches to the Petition a Memorandum of Decision dated April 16, 2020 denying a petition for habeas corpus that Petitioner filed with the Los Angeles County Superior Court (*In re Daniel Harper*, Case No. BH012890) for failure to exhaust administrative remedies. (Petition, Ex. 1 at PAGEID 13.) Petitioner provides no information about his underlying conviction or sentence and does not identify any remedy that he seeks.

---

[1] For ease of reference, the Court uses the CM ECF page identifiers when referencing the attachments to the Petition.

For the reasons discussed below, the Petition must be summarily dismissed because Petitioner's claims are not cognizable under Section 2254.

**DISCUSSION**

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 ("Habeas Rules"), requires a district court to dismiss a petition, without ordering a responsive pleading, when "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." In this case, pursuant to Habeas Rule 4, summary dismissal of the Petition without prejudice is required. *See Bostic v. Carlson*, 884 F.2d 1267, 1269–70 (9th Cir.1989) (affirming district court's dismissal of a Section 2241 petition under Habeas Rules 1(b) and 4).

A habeas corpus petition under 28 U.S.C. § 2254 is the proper vehicle for a state prisoner's challenge to validity or length of his sentence, but challenges to a prisoner's conditions of confinement must be brought through a civil rights action. *Wilkinson v. Dotson,* 544 U.S. 74, 81-82 (2005); *and see Nettles v. Grounds*, 830 F.3d 922, 931 (9th Cir. 2016) (adopting "the Supreme Court's strong suggestion that a § 1983 action is the exclusive vehicle for claims that are not within the core of habeas."). A civil rights action is the "proper remedy" for a prisoner "who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." *Preiser v. Rodriguez*, 93 S. Ct. 1827, 1841 (1973). "[C]onstitutional claims that merely challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside of that core [of habeas relief] and may be brought pursuant to § 1983 in the first instance." *Nelson v. Campbell*, 541 U.S. 637, 642 (2004). In *Dotson*, the Supreme Court held that a claim that would not necessarily result in a speedier or immediate release "does not lie at the core of habeas corpus." *Dotson*, 544 U.S. at 86 (Scalia, J., concurring).

## I. The Petition Fails to State a Habeas Claim.

Petitioner challenges alleged sexual harassment by a correctional officer at Lancaster State Prison. (Petition at 2.) He alleges that he was subjected to sexual harassment when Correctional Officer Winfeld told him to take off his boxers before going to group so that, allegedly, the officer could see Petitioner's "sexy white ass." (Petition at 6.) Petitioner does not challenge his underlying conviction, the execution of his sentence, or the fact or duration of his custody or incarceration. Instead, Petitioner's sole claim challenges the legality of actions by a correctional officer that have no bearing on the fact or duration of his confinement. Because success on this claim would not necessarily spell Petitioner's speedier release from custody, it falls outside the core of habeas relief and may be brought only as a civil rights challenge to the conditions of Plaintiff's confinement under 42 U.S.C. § 1983.

## II. The Court Declines to *Sua Sponte* Convert the Petition into a Civil Rights Action.

The Court may construe a flawed habeas petition as a civil rights action. *See Wilwording v. Swenson*, 404 U.S. 249, 251 (1971), *overruled on other grounds by Woodford v. Ngo*, 548 U.S. 81 (2006). Converting the Petition to a Section 1983 complaint would be improper in this instance, however, because: (1) the Petition was not accompanied by the $400 filing fee; (2) the Petition was not accompanied by an application to proceed *in forma pauperis* supported by all of the requisite documentation and an authorization to have the $400 filing fee deducted from Petitioner's trust account pursuant to 28 U.S.C. § 1915(b)[2]; and (3) Petitioner has not identified the capacity in which Respondents CDCR and/or Officer Winfeld would be sued, if at all, for purposes of a civil rights claim, a critical issue for analyzing immunity issues.

---

[2] Because Petitioner is a prisoner, 28 U.S.C. § 1915(b) requires him to pay "the full amount of a filing fee," although he may do so through monthly payments rather than prepaying the entire amount.

Dismissal of this action at the pleading stage would not end Petitioner's obligation to pay that $400 filing fee. In addition, the Court would be obligated to screen the converted Petition pursuant to the screening provisions of the Prisoner Litigation Reform Act of 1995. See 28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e(c)(1). Finally, if the converted Petition ultimately were dismissed for failure to state a claim upon which relief may be granted, that dismissal could count as a "strike" against the Petitioner for purposes of 28 U.S.C. § 1915(g), which provides that a prisoner who has three "strikes" — *i.e.*, prior actions dismissed on the grounds that they are frivolous, malicious, or fail to state a claim upon which relief may be granted — may not bring an action or appeal without prepayment of the full filing fee unless "the prisoner is under imminent danger of serous physical injury." Thus, the Court finds it is appropriate to dismiss the Petition, without prejudice, so that Petitioner may determine whether or not he wishes to raise the claims in a properly-submitted civil rights complaint.

Accordingly, for the foregoing reasons, it is ORDERED that the Petition shall be DISMISSED WITHOUT PREJUDICE.

\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\

In addition, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has considered whether a certificate of appealability is warranted in this case.  *See* 28 U.S.C. § 2253 (c) (2); *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  The Court concludes that a certificate of appealability is unwarranted and, thus, a certificate of appealability is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED:  June 5, 2020

———————————————
JESUS G.  BERNAL
UNITED STATES DISTRICT JUDGE

Presented by:

———————————————
KAREN L. STEVENSON
UNITED STATES MAGISTRATE JUDGE

6